IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20335-CIV-MOORE

LORRAINE T. KILMA,

    Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
Carnival Cruise Line, ET AL.,

    Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION FOR STAY

THIS CAUSE came before the Court upon Defendant Thriller Powerboats Tours, LTD.'s Motion to Quash Service and Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for *Forum Non Conveniens* (dkt # 47) and Defendant Thriller Powerboats Tours, LTD.'s Motion to Stay Proceedings Pending Determination of Jurisdictional Issues (dkt # 48).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves a claim against Defendants for injuries Plaintiff suffered while taking a catamaran boat tour in the Bahamas. On January 28, 2007, Plaintiffs Lorraine T. Klima ("Mrs. Klima") and Don John Klima ("Mr. Klima," and together, the "Klimas") departed from Cape Canaveral, Florida on a Carnival Cruise Lines ("Carnival") ship called the "Sensation." While aboard, the Klimas booked an excursion on the "Thriller Powerboat." The Thriller Powerboat was owned and operated by Thriller Powerboats Tours, LTD ("Thriller"), a now defunct Bahamian

corporation. Reservations for the excursion were facilitated by Carnival and payment for the trip was made by incurring a charge on a special charge card issued by Carnival for the purpose of paying for amenities. Mrs. Klima was injured while aboard the Thriller Powerboat. On February 8, 2008, Plaintiffs filed the Complaint (dkt # 1) in this action seeking damages for the injuries suffered.

## II. STANDARD

When considering a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits. *See* Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988); Corneal v. CF Hosting, Inc., 187 F. Supp. 2d 1372, 1373 (S.D. Fla. 2001); Venetian Salami Co. v. J.S. Parthenais, 554 So.2d 499, 502 (Fla. 1989). Once the plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings. *See* Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000); Venetian Salami Co., 554 So. 2d at 502. When the nonresident defendant meets this burden, the plaintiff must substantiate the jurisdictional allegations in its complaint by affidavits or other competent proof, and may not merely rely upon the factual allegations set forth in the complaint. *See* Future Tech. Today, Inc., 218 F.3d at 1249; Venetian Salami Co., 554 So.2d at 502.

The court's determination of whether personal jurisdiction over a nonresident defendant exists requires a two-part analysis. D.W. Mercer, Inc. v. Valley Fresh Produce, Inc., 146 F. Supp. 2d 1274, 1276 (M.D. Fla. 2001). First, the Court must consider the jurisdictional question under the Florida state long-arm statute. *See id.*; *see also* Fla. Stat. § 48.193(1). If there is a basis for the assertion of personal jurisdiction under the state statute, the Court will next determine "whether

sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." D.W. Mercer, Inc., 146 F. Supp. 2d at 1276 (citing Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996)). Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a non-resident defendant. *See* Robinson, 74 F.3d at 256.

"Because the reach of the Florida long-arm statute is a question of Florida state law, federal courts are required to construe it as would the Florida Supreme Court." Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (citing Moore v. Lindsey, 662 F.2d 354, 357-58 (5th Cir. 1981); Jetco Elec. Industries, Inc. v. Gardiner, 473 F.2d 1228, 1232 (5th Cir. 1973)). Furthermore, the Florida long-arm statute is to be strictly construed. Id. The Plaintiff bears the burden of proving personal jurisdiction. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996).

### III. ANALYSIS

#### A. Personal Jurisdiction

Defendant Thriller challenges personal jurisdiction under the Florida long-arm statute. Florida's long-arm statute authorizes courts to exercise specific jurisdiction under § 48.193(1), Florida Statutes, and general jurisdiction under § 48.193(2), Florida Statutes. Florida's long-arm statute states, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. . . .
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

§ 48.193(1)(a) and (2), Fla. Stat.

"A court may exercise specific jurisdiction over a nonresident defendant only when the plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state." Design-Build Concepts, Inc. v. Jenkins Brick Co., No. 06cv558 (MCR), 2008 WL 868150, *2 (N.D. Fla. 2008) (citing Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 n.3 (11th Cir. 2000)). Thus, specific jurisdiction requires connexity, or in other words some "direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." Sun Trust Bank v. Sun Int'l Hotels, Ltd., 184 F. Supp.2d 1246, 1269 (S.D. Fla. 2001) (quoting Citicorp Ins. Brokers (Marine) Ltd. v. J.R. Charman, 635 So.2d 78, 81 (Fla. 1st DCA 1994) (internal quotation marks omitted).

Here, Plaintiffs assert that specific jurisdiction exists because Thriller's relationship with Carnival and other Florida-based cruise lines demonstrates that Thriller is carrying on sufficient business in Florida to satisfy the long-arm statute. "In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." Future Tech. Today, Inc., v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). Plaintiffs contend that personal jurisdiction exists because the requirements of the long-arm statute are met by the existence of (1) revenue generating agreements between Carnival and Thriller, (2)

4

travel by Thriller employees to Florida for business purposes, and (3) insurance and indemnification agreements between Carnival and Thriller. If Thriller is nothing more than an independent contractor that provides shore-based excursions to Carnival passengers, there is no doubt that specific jurisdiction is lacking. On the other hand, if Thriller and Carnival are parties to a contract negotiated in Florida for Thriller to provide its services to Carnival passengers, and Plaintiffs were directed to Thriller pursuant to such an agreement, it is at least plausible that these acts may establish that Thriller conducted business in Florida and may also demonstrate connexity between Thriller's activities in Florida and Plaintiff's injury. Such activities could also establish the "minimum contacts" with Florida necessary to satisfy due process.

With respect to general jurisdiction, "Florida courts have interpreted 'substantial and not isolated activity' to mean 'continuous and systematic general business contact.'" Design-Build Concepts, Inc., 2008 WL 868150, at *2. Although it is unlikely that general jurisdiction exists based on the facts pleaded, the possibility is no so remote so as to justify a finding that jurisdictional discovery is unwarranted. If other agreements negotiated in Florida exist between Thriller and other Florida-based cruise lines, if Carnival or other Florida-based cruise lines have agreements to insure and indemnify Thriller for services provided by Thriller to cruise passengers, or if there are other relevant contacts between Thriller and the State of Florida, these activities may be sufficient to establish general jurisdiction under the long-arm statute. Therefore, Plaintiffs may conduct jurisdictional discovery to ascertain whether personal jurisdiction exists over Thriller.

B. Service of Process

Thriller asserts that service of process by Plaintiff should be quashed and the case be dismissed because the complaint was not served with a summons. When service is not properly

made within 120 days, a court may dismiss the case without prejudice or direct that service be made within a specified time. Fed. R. Civ. P. 4(m). Service upon Thriller was improper and Plaintiffs are directed to effect service in compliance with the Federal Rules within 20 days of the date of this Order.

### C. *Forum Non-Conveniens*

A Complaint is appropriately dismissed on *forum non conveniens* grounds when the moving party demonstrates that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001) (citing Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 (11th Cir. 1997); C.A. La Seguridad v. Transytur Line, 707 F.2d 1304, 1307 (11th Cir. 1983)). Moreover, "balancing private interests requires determining the convenience of the parties, affording domestic plaintiffs 'a strong presumption' that their forum choice is sufficiently convenient . . . and a weaker presumption applying in cases brought by foreign plaintiffs." Id. (citing Piper Aircraft v. Reyno, 454 U.S. 235, 256 (1981)). Here, the fact that Thriller is a defunct Bahamian corporation does not outweigh the strong presumption in favor of the forum chosen by Plaintiffs. Therefore, this Court declines to relinquish jurisdiction on *forum non-conveniens* grounds.

### IV.   CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Thriller Powerboats Tours, LTD.'s Motion to Quash Service and Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for *Forum Non Conveniens* (dkt # 47) is GRANTED IN PART. Plaintiffs may serve written

jurisdictional discovery (interrogatories and requests for production of documents) on Defendant Thriller Powerboat Tours, LTD within two weeks of the date of this Order. The discovery must be narrowly tailored to personal jurisdiction issues and may not stray to the merits of the case. The parties are directed to confer and cooperate in good faith. No further discovery will be permitted except on a showing of good cause. It is further

ORDERED AND ADJUDGED that Defendant Thriller Powerboats Tours, LTD.'s Motion to Stay Proceedings Pending Determination of Jurisdictional Issues (dkt # 48) is GRANTED. The case is otherwise stayed pending completion of jurisdictional discovery.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of October, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record