UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20335-CIV-MOORE/SIMONTON

LORRAINE T. KLIMA and
DON JOHN KLIMA,

    Plaintiffs,

v.

CARNIVAL CORP., THRILLER
POWERBOAT TOURS, LTD.,
THRILLER POWERBOATS, INC,.
and JAGUAR MARINES GROUP, INC.,

    Defendants.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
AND MOTION TO QUASH SUBPOENAS

Presently pending before the Court is Defendant Thriller Powerboats Tours, Ltd.'s Emergency Motion for Protective Order and Motion to Quash Subpoenas Directed to Third Parties (DE # 83). The Motion is referred to the undersigned Magistrate Judge pursuant to an Order referring all pretrial discovery matters to the undersigned (DE # 36). The Plaintiffs have filed a Response to the Motion (DE #85). For the reasons stated below, this Motion is DENIED.

    I.    BACKGROUND

This matter was initiated on July 1, 2008, when Plaintiff Lorraine Klima filed a three count complaint alleging negligence against Carnival Corporation ("Carnival"), Thriller Powerboats Tours, Ltd., ("TPT") and Thriller Powerboats, Inc. USA ("Thriller USA") related to injuries sustained by the Plaintiff that occurred during an excursion from a Carnival cruise ship that was allegedly owned and operated by Defendants TPT and Thriller USA.

After TPT sought to have the matter dismissed due to lack of jurisdiction, on March 5, 2009, the Honorable K. Michael Moore District Court Judge for the Southern District of Florida issued an Order granting Plaintiffs' Motion for Leave to Conduct Limited Additional Discovery Relating to Personal Jurisdiction (DE #81).  The Order granted Plaintiffs leave to conduct discovery regarding TPT's business relationships with the other Defendants as well as Royal Carribean Cruises, Ltd., (RCL), Celebrity Cruises Inc., (CC) Norwegian Cruise Line (NCL) and Disney Cruise Line (Disney).

On or about March 31, 2009, Plaintiffs issued a Subpoena Duces Tecum to Disney, RCL and NCL.  In addition, Plaintiffs prepared a subpoena to be served on Arnold R. Gemino, principal of Defendant Thriller USA.  Those subpoenas generally requested the production of all documents reflecting those entities' contacts with TPT and two other entities (DE #85).

On April 17, 2009, Defendant TPT filed the instant motion seeking to have the subpoenas quashed alleging that the Plaintiffs failed to provide notice of the third party subpoenas and further asserting that the subpoenas were oppressive, overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence (DE 83).  Finally, TPT asserted that the information sought in the subpoenas did not comply with the Court's March 4, 2009 Order granting limited discovery regarding TPT's business relationships.

On April 20, 2009, Judge Moore entered an Order denying TPT's Emergency Motion for Protective Order to the extent that it sought emergency relief and directed the Plaintiffs to file a response to the Motion on or before April 21, 2009 (DE 84).

On April 20, 2009, Plaintiffs filed their response to Defendants' Emergency Motion for Protective Order wherein they acknowledged their failure to provide notice to the

Defendant regarding the subpoenas (DE # 85). In addition, the Plaintiffs asserted that their failure to provide notice was inadvertent and contended that when counsel for TPT contacted Plaintiffs' counsel about the lack of notice for the subpoenas, Plaintiffs' counsel notified counsel for RCL and Disney and told them to defer responding to the subpoenas until the issue was resolved. Plaintiffs maintain that they did not object to providing TPT with a reasonable time in which to review the subpoena requests.

As stated above, TPT's Motion for Protective Order has been denied to the extent that it seeks emergency relief, thus the undersigned will only address the substantive nature of the Motion and rule on Defendant TPT's objections to the subpoenas.

II.     ANALYSIS

Defendant TPT filed its Emergency Motion for Protective Order seeking to have the subpoenas issued by the Plaintiffs quashed for failing to provide notice of the subpoenas as required by Federal Rule of Civil Procedure 45(b)(1). Plaintiffs concede that they did not comply with that rule which states, in relevant part, "If the subpoena commands the production of documents...then before it is served, a notice must be served on each party." Fed.R.Civ.P. 45(b)(1). However, notwithstanding the violation of that rule, Defendant TPT's Motion fails for the following reasons:

A.  Certificate of Consultation

Defendant TPT submitted its Motion without a certificate of consultation as required by Local Rule 7.1(A)(3). Specifically that rule requires that prior to filing any motion in a civil case, with certain exceptions not applicable to the instant motion, the movant must confer with the relevant parties in an attempt to resolve the issues raised by the motion. In addition, the Rule requires that a certificate indicating that the movant has conferred or made reasonable efforts to confer with the potentially affected parties and

3

has been unable to resolve the issue.  The Rule then provides that the Court may deny a motion based upon the movant's failure to comply with this rule.

In this case, although TPT stated in its motion that it spoke with Plaintiff's counsel to confirm that the non-party subpoenas had been issued without giving notice to TPT, counsel did not indicate that there was any attempt made to resolve the issue.  Nor, did movant's counsel file the requisite certificate indicating that such an attempt was made.  Thus, the undersigned denies this Motion on this ground alone.

## B. Lack of Standing to Challenge Subpoena

Even if TPT had not failed to comply with Local Rule 7.1 (A)(3), the Motion would be denied because TPT does not have standing to object to a non-party subpoena on the basis of burdensomeness, oppressiveness, or as being overly broad.   Indeed, various courts have held that in the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party. *Bender v. Tropic Star Seafood, Inc.*, 2008 WL 2824450 (N.D. Fla., July 21, 2008)(citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975), 5A J. Moore, Federal Practice P 45.05(2), (2d ed.1974); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979); *Peterbilt of Great Bend, LLC v. Doonan*, 2006 WL 3193371, *2 (D. Kan. Nov 01, 2006) (No. 05-1281-JTM) (a personal right or privilege existed where the subpoena was issued after discovery had closed);*City of Ecorse v. U.S. Steel*, 2007 WL 4239263, *2 (E.D. Mich. Dec 03, 2007) (No.CIV.A. 07-CV-12131).  Rather, as stated in *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D.Ga.2001), "it appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege' with respect to the materials subpoenaed". (citations omitted).  In addition, generally when a

4

party takes issue with a subpoena issued to a non-party, the party should not proceed by way of objections under Rule 45, which is only available to the person commanded to produce the documents, but rather should avail itself to Fed.R.Civ.P. 26 and file a motion for protective order.  *Rivertree Landing, LLC v. Murphy*, 2007 WL 3333357, *1 (M.D. Fla. Nov 09, 2007) (No. 6:07-MC-104-GAP-DAB).

In this matter, Defendant TPT has failed to raise a personal right or privilege in its Motion and further. although the Motion is styled as a Motion for Protective Order, TPT has not sought a protective order pursuant to Fed.R.Civ.P. 26, but rather proceeds under Rule 45.  Thus, Defendant TPT's Motion to Quash Plaintiffs' subpoenas is denied on this ground, as well.  Also, the undersigned notes that the subpoenas issued by the Plaintiffs appear to fall within the scope of the Court's March 5, Order which granted Plaintiffs leave to conduct limited discovery.

However, as Plaintiffs concede that they failed to provide the required notice to Defendant TPT prior to issuing the subpoenas, and Defendant may have a personal right or privilege related to the subpoenas, after the requisite conferral with the Plaintiffs, Defendant TPT may file a Motion for Protective Order, if appropriate.  Due to the need to resolve this matter expeditiously, any such motion must be filed by Friday, April 24, 2009.  If such a motion is filed, Plaintiffs shall not obtain the subpoenaed documents prior to the resolution of that motion.

### III.    CONCLUSION

Therefore, based upon a review of the record as a whole, and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant Thriller Powerboats Tours, Ltd.'s

Emergency Motion for Protective Order and Motion to Quash Subpoenas Directed to Third Parties (DE # 83) is **DENIED**.

It is further

**ORDERED AND ADJUDGED** that Defendant Thriller Powerboats Tours, Ltd., may file a Motion for Protective Order on or before, Friday, April 24, 2009.

**DONE AND ORDERED** in Chambers in Miami, Florida, on April 21, 2009

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable K. Michael Moore, United States District Judge
All counsel of record